{¶ 34} I must admit that I am perplexed at the manner in which the disposition of this case has proceeded. The new majority writer had two separate opportunities to reach a decision in this case, decided one way and then changed that decision.[2] Be that as it may, while I concur with the majority's decision to affirm appellant's convictions for the offenses at issue, I dissent from its affirmance of the imposition of consecutive sentences.
 {¶ 35} As accurately stated by the majority, a court may impose consecutive sentences only when, inter alia, it concludes that the sentence is "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." See R.C.2929.14(E)(4)(2). Reiterating, the trial court, after making the findings required by the statute, sentenced appellant to consecutive terms of imprisonment of six years on the felonious assault charge involving nine-month-old Anthony and three years on the attempted felonious assault charge involving Anthony's mother. Notwithstanding those findings, however, I find that the imposition of consecutive sentences in this case is disproportionate to the seriousness of appellant's conduct, despite the trial court's express finding to the contrary. To be sure, appellant viciously attacked Anthony and for that the trial court sentenced appellant within the range of the term of imprisonment consistent with the statute. The harm, however, to Anthony's mother — a bite to her thumb for which she was treated and released the same day from MetroHealth Medical Center — is drastically different from that inflicted on a defenseless child. That does not mean that the harm caused to Anthony's mother should go unpunished. To the contrary, a term of imprisonment proportionate to the offense satisfies the purposes of felony sentencing. Since I do not believe that a three-year consecutive sentence is proportionate to the offense of attempted felonious assault under the facts of this case, I would remand for resentencing under R.C.2953.08(G)(2).
[2] This case was heard on June 5, 2002. This author circulated a proposed majority opinion and Judge Rocco circulated a dissent. Judge O'Donnell concurred with this author on the proposed majority opinion and the case was released in this form on August 22, 2002. See State v.Jefferson, Cuyahoga App. No. 80417, 2002-Ohio-4287, 2002 Ohio App. Lexis 4472.